# Exhibit A

TRAVISCOUNTYTX.GOV (/)

## DISTRICT CLERK

About (/district-clerk/about)

Online Case Information (/district-clerk/online-case-information)

Online Payment (/district-clerk/online-payments)

Jury Duty (/district-clerk/jury-duty)

Information & Resources (/district-clerk/resources)

Passport Information (/district-clerk/passport)

Attorney Access to Records Online (/district-clerk/public-access)

E-Filing (/district-clerk/efiling)

Contact Information (/district-clerk/contact)

### IN THE NEWS



(/district-clerk/online-case-information)

Online Case Information (/district-clerk/online-case-information)



(/district-clerk/online-payments)

Home (/)  ▸  District Clerk (/district-clerk)  ▸  Online Case Information

# Online Case Information

## Details

**Updated : Friday, July 29, 2016 5:09:24 AM**

New Search (/OnlineCaseInformationWeb/)

Request Documents (/OnlineCaseInformationWeb/Content/record_search_fillable.pdf)

| | |
|---:|---|
| Cause Number | D-1-GN-16-002937 |
| Case Status | PENDING |
| Style | NATIONAL ALLIANCE V. THIRD POI |
| Filed Date | 7/8/2016 |
| Hearing Date | August 04, 2016 02:00 PM |

| Attorney | Type | Full/Business Name | First Name | Middl |
|---|---|---|---|---|
|  | DEFENDANT | THIRD POINT LLC |  |  |
| BABB KENNETH PATRICK | PLAINTIFF | NATIONAL ALLIANCE SECURITIES LLC |  |  |

| Event Date | Party Type | Description |
|---|---|---|
| 7/20/2016 | PL | NTC:OTHER NOTICE |
| 7/13/2016 | DF | ISS:CITATION |
| 7/13/2016 |  | OTHER FILING |
| 7/13/2016 | PL | MSF:BILL OF COST CRT COST/FINE |
| 7/8/2016 | PL | ORIGINAL PETITION/APPLICATION |

New Search (/OnlineCaseInformationWeb/)

7/8/2016 4:19:36 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-002937
Ruben Tamez

D-1-GN-16-002937
CAUSE NO. _____

| | | |
|---|---|---|
| NATIONAL ALLIANCE SECURITIES, LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | 419TH |
| v. | § § § | _____ JUDICIAL DISTRICT |
| THIRD POINT LLC, | § § § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DECLARATORY JUDGMENT AND APPLICATION TO STAY ARBITRATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff National Alliance Securities, LLC ("National Alliance" or "Plaintiff"), and files this its Original Petition, Request for Declaratory Judgment and Application to Stay Arbitration against Defendant Third Point LLC ("TP" or "Defendant"), and hereby alleges as follows:

**I.
PARTIES**

1. National Alliance is a Nevada limited liability company with its principal place of business in Austin, Texas.

2. Upon information and belief, TP is a foreign limited liability company with its principal office located at 390 Park Ave #18, New York, NY 10022. Defendant engages in business in the State of Texas but does not maintain a regular place of business in this state nor has Defendant designated an agent for service of process. This suit arises out of Defendant's business in this state as more specifically described below. Pursuant to the Texas Civil Practices & Remedies Code § 17.044, Defendant can be served by certified mail, return receipt requested,

directed to Defendant through the Texas Secretary of State as an agent for service of process at the following address: Citations Section, Room 214, 1019 Brazos, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy exceeds the jurisdictional minimum of this Court and has personal jurisdiction over the Defendant because it conducts substantial business in Texas.

4. Venue is proper in Travis County as a substantial amount of the acts and omissions giving rise to the claims occurred in Austin, Travis County, Texas.

## III.
## DISCOVERY CONTROL PLAN

5. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, National Alliance requests discovery be conducted under Level 2.

## IV.
## FACTS

6. National Alliance is a securities broker-dealer. TP is an SEC-registered investment adviser, but it is not a registered securities broker-dealer.

7. On May 23, 2016, TP brought an arbitration claim against National Alliance (the "Claim") under the dispute resolution provisions of the Financial Industry Regulatory Authority ("FINRA") that apply, among others, to disputes among member firms of FINRA, alleging National Alliance breached a contract for the purchase of certain bonds (the "Bonds") from TP.

8. TP is not a FINRA member firm like National Alliance. As such, TP could not avail itself of the FINRA arbitration jurisdiction as a member firm.

9. In the arbitration complaint, TP alleges it sold National Alliance the Bonds for the price of $3,150,000.00 during a discussion between representatives of the Parties on May 3, 2016.

10. TP's Claim further alleges that, in an effort to mitigate its damages, it subsequently sold the Bonds to a different dealer for $2,656,250.00.

11. Thus, TP's Claim is seeking the difference of $493,750.00 between the alleged agreed-upon price with National Alliance and the subsequent purchase price.

12. National Alliance denies there was a contract among the Parties, and denies breaching any contract with TP, assuming such a contract to exist.

13. On May 26, 2016, FINRA sent notice to National Alliance informing National Alliance it was named as a party to FINRA Dispute Resolution Arbitration Number 16-01454 (the "Notice"). A true and correct copy of the Notice is attached hereto as <u>Exhibit A</u>, and incorporated by reference herein.

14. The Notice indicates National Alliance is required to arbitrate the dispute.

15. National Alliance denies it is required under any rules or law to submit to arbitration of the dispute.

16. Therefore, National Alliance requests this Court enter a declaratory judgment that National Alliance is under no obligation to arbitrate the dispute.

**V.
<u>DECLARATORY JUDGMENT</u>**

17. Plaintiff incorporates and realleges the foregoing paragraphs of this Petition as if fully set forth herein.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DECLARATORY
JUDGMENT AND APPLICATION TO STAY ARBITRATION**     Page 3
ACTIVE 41109514v7 07/08/2016

18. National Alliance brings this claim for a declaratory judgment under Tex. Civ. Prac. & Rem. Code § 37.001 precluding Defendant from pursuing an arbitration proceeding it filed against National Alliance before FINRA because:

   a. there is no agreement between National Alliance and TP to arbitrate;

   b. more importantly, TP is not a customer of National Alliance; and

   c. National Alliance is not a customer of TP.

19. The Court has the power to decide arbitrability. Arbitration is a creature of contract and depends on an agreement between the parties. *See, e.g., First Options v. Kaplan*, 514 U.S. 938, 944 (1995); *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985). If the existence of an agreement to arbitrate is in dispute, a court--not the arbitrators--must resolve that dispute. *See, e.g., First Options*, 514 U.S. at 942. As the Supreme Court said in *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 656 (1986), "the question of arbitrability is . . . undeniably an issue for judicial determination."

20. A genuine dispute exists between Plaintiff and Defendant. Therefore, under the Texas Declaratory Judgment Act, Section 37 of the Texas Civil Practice and Remedies Code, National Alliance requests that the Court determine these legal disputes, the rights and legal relationships between National Alliance and TP, and enter a Judgment that National Alliance is under no obligation to arbitrate the dispute.

**No agreement to arbitrate exists between National Alliance and TP**

21. National Alliance does not have any contractual relationship with TP regarding the alleged transaction serving as the basis for TP's Claim.

22. National Alliance and TP therefore have never entered into any agreement requiring them to submit any disputes to arbitration.

23. TP does not have standing to invoke FINRA rules that, in limited circumstances not present here, require FINRA members to arbitrate certain disputes. *See* FINRA Rule 12200 (explaining that in the absence of a written agreement to arbitrate, FINRA members are obligated to arbitrate disputes only if the arbitration is requested by the customer and the dispute must be between a customer and a member or associated person of a member).

**TP is Neither a Customer of National Alliance Nor is National Alliance a customer of TP**

24. The FINRA rules do not define the term "customer" other than by stating that a customer is not a broker or dealer as defined by the Exchange Act. *See* FINRA Rule 12100.

25. By its own statements in its Claim, TP confirms National Alliance cannot be a customer under FINRA rules. Exh. A-1, ¶ 2 ("Respondent National Alliance Securities, LLC is a SEC-and-FINRA registered securities broker-dealer…") Accordingly, National Alliance is not a customer of TP.

26. Further, TP is not a customer of National Alliance, and it has not entered into any contract regarding the alleged transaction forming the basis of TP's Claim. Thus, TP could not have been a customer of National Alliance within the meaning of FINRA Rule 12200.

27. In sum, National Alliance is not a customer of TP, and TP is not a customer of National Alliance. Therefore, there is simply no requirement to arbitrate this dispute in FINRA without a written agreement between the parties. No such written agreement exists.

**Even if National Alliance was a customer, it has not requested arbitration**

28. For a dispute between a customer and FINRA member to be eligible for arbitration, arbitration must be requested by the customer. FINRA Rule 12200.

29. National Alliance wholly denies it was a customer of TP at the time of the alleged transaction. However, even if National Alliance was a customer, it would have still needed to be the party requesting arbitration for the dispute to be arbitrated.

30. National Alliance specifically denies requesting, or ever favoring, arbitration of TP's Claim. Thus, this matter was improperly submitted to arbitration.

31. Accordingly, National Alliance lacks any obligation to arbitrate any claim brought by TP.

## VI.
## APPLICATION TO STAY ARBITRATION

32. Pursuant to CPRC §171.023, Plaintiff seeks an order staying and requiring the dismissal of the arbitration brought by TP against National Alliance currently pending under FINRA.

## V.
## ATTORNEYS' FEES

33. National Alliance has retained the undersigned law firm to represent Plaintiff in this action and has agreed to pay the firm reasonable and necessary attorney's fees. Accordingly, National Alliance requests an award of costs and reasonable and necessary attorney's fees to Plaintiff as equitable and just and therefore authorized by §§ 37.009 and 82.002(g) of the Tex. Civ. Prac. & Rem. Code.

## PRAYER

For these reasons, Plaintiff respectfully requests this Court enter a declaratory judgment and order that:

    a. No agreement to arbitrate exists between National Alliance and Defendant;

    b. National Alliance is not now and has never been a "customer" of TP;

    c. National Alliance lacks any obligation to arbitrate any claim brought by TP; and

    d. The arbitration brought by TP against National Alliance currently pending under FINRA be stayed or dismissed.

Plaintiff further requests the Court award it:

a. Reasonable attorneys' fees, including fees for the appeal, if any of this matter;

b. All pre and post-judgment interest at the highest rate allowable by law;

c. Costs of court; and

d. All other relief the Court deems appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: _____
Mark A. Goodman
State Bar No. 08156920
E-mail:mark.goodman@foxrothschild.com
K. Patrick Babb
State Bar No. 24077060
E-mail: pbabb@foxrothschild.com
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas  75240
(972) 991-0889
(972) 404-0516 – Fax

**ATTORNEYS FOR PLAINTIFF**

# CITATION
## THE STATE OF TEXAS
### CAUSE NO. D-1-GN-16-002937

NATIONAL ALLIANCE SECURITIES, LLC.                                                        , Plaintiff

    vs.
THIRD POINT, LLC.                                                                                      , Defendant

TO:   TEXAS SECRETARY OF STATE
       CITATIONS SECTION #214
       1019 BRAZOS STREET
       AUSTIN, TX 78701
       AND THEN FORWARDED TO
       THIRD POINT, LLC
       390 PARK AVE #18
       NEW YORK, NY 10022

CERTIFIED MAIL#70123460000090140108

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the   of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JULY 08, 2016</u> in the <u>419TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>July 13, 2016</u>.

REQUESTED BY:
KENNETH PATRICK BABB
TWO LINCOLN CENTRE
5420 LBJ FREEWAY, SUITE 1200
DALLAS, TX 75240
BUSINESS PHONE:(972)991-0889  FAX:(972)404-0516

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- -- -- -- -- -- -- -- -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the <u>13</u> day of <u>July</u>, <u>2016</u> at <u>10:00</u> o'clock <u>A</u>M., and executed at <u>1019 Brazos St. Austin, Tx 78701</u> within the County of <u>Travis</u> on the <u>13</u> day of <u>July</u>, <u>2016</u>, at <u>10:00</u> o'clock <u>A</u>M., by delivering to the within named <u>Citations Section #214 Texas Secretary of State</u>, each in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DECLARATORY JUDGMENT AND APPLICATION TO STAY ARBITRATION, LAWYER REFERRAL</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ <u>75.00</u>

                                 Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

____ day of _____, _____.    By: _____
                                             Ruben Tamez
                                           Printed Name of Server

                                           <u>Travis</u> County, Texas
_____
Notary Public, THE STATE OF TEXAS

D-1-GN-16-002937                        SERVICE BY THE DISTRICT CLERK      P01 - 000042138
☐ Original        ☐ Service Copy



1

| | | |
|---|---|---|
| **CERTIFIED**<br>**BILL OF COST** |  | **VELVA L. PRICE**<br>District Clerk, Travis County<br>P.O. Box 679003, Austin, TX 78767<br>(512) 854-9457 |

## BILL OF COST FOR COURT COSTS/FINES

July 13, 2016

BABB KENNETH PATRICK
TWO LINCOLN CENTRE
5420 LBJ FREEWAY, SUITE 1200
DALLAS, TX  75240

Cause Number: D-1-GN-16-002937

NATIONAL ALLIANCE SECURITIES,
VS
THIRD POINT, LLC.

**A SERVICE BY THE DISTRICT CLERK (CERTIFIED MAIL SERVICE) HAS BEEN FILED WITHOUT PAYMENT ON JULY 08, 2016 IN THE ABOVE REFERENCED CASE.**

**Total Amount Due for Filing: $75.00   (PL-1)  NATIONAL ALLIANCE SECURITIES**

Please direct your payment to the attention of the Accounting Department, "**Court Costs, Fines, or Fees are due to the Travis County District Clerk no later than 10 business days from the date of this "Bill of Costs".**

***You can now pay your bill ONLINE***
Visit https://www.traviscountytx.gov/district-clerk and click on **Online Payment**

If you have any questions, or need further assistance, please contact the District Clerk's office.

Thank you,

THE STATE OF TEXAS  }
   COUNTY OF TRAVIS  }  I, Velva L. Price, Clerk of the District Court of Travis County, Texas
certify that the above and foregoing is a true and correct copy of the Bill of Cost in the numbered and styled cause.

_____
Velva L. Price
Travis County District Clerk

Texas Rules of Civil Procedure Rule 129   How Costs Collected
If any party responsible for costs fails or refuses to pay the same within ten days after demand for payment, the clerk or justice of the peace may make certified copy of the bill of costs then due, and place the same in the hands of the sheriff or constable for collection. All taxes imposed on law proceedings shall be included in the bill of costs. Such certified bill of costs shall have the force and effect of an execution. The removal of a case by appeal shall not prevent the issuance of an execution for costs.

Type/Form Number - B13 - 000003125



2

7/20/2016 9:32:06 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-002937
Terri Juarez

CAUSE NO. D-1-GN-16-002937

| | | |
|---|---|---|
| NATIONAL ALLIANCE SECURITIES, LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § § | 419TH JUDICIAL DISTRICT |
| THIRD POINT LLC, | § § § | |
| Defendant. | § § | TRAVIS COUNTY, TEXAS |

### NOTICE OF HEARING

Please take notice that a hearing on *Plaintiff's Application to Stay Arbitration* has been scheduled for **Thursday, August 4, 2016 at 2:00 p.m.** at the Travis County Courthouse, 1000 Guadalupe, Austin, Texas 78701. The hearing has been placed on the Travis County District Court's central docket.

For further information, please consult with the Travis County District Court's Court Administrator at (512) 854-2484.

> Respectfully submitted,
>
> FOX ROTHSCHILD LLP
>
> By: _____
> Mark A. Goodman
> State Bar No. 08156920
> K. Patrick Babb
> State Bar No. 24077060
> Two Lincoln Centre
> 5420 LBJ Freeway, Suite 1200
> Dallas, Texas  75240
> 972/991-0889
> 972/404-0516 – Fax
> mark.goodman@foxrothschild.com
> pbabb@foxrothschild.com
>
> **ATTORNEYS FOR PLAINTIFF**



NOTICE OF HEARING                                                                                       PAGE 1
41348776v1

3

**CERTIFICATE OF SERVICE**

      I certify that on this the 20th day of July 2016, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

                                          K. Patrick Babb